IN THE UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| FREDRICK LOFTIN RAY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. **CV121-090** |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Fredrick Loftin Ray, by and through undersigned counsel, and files this Complaint for Damages against the United States of America as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a medical malpractice case concerning the treatment of Plaintiff Fredrick Ray ("Plaintiff" or "Mr. Ray") at the Charlie Norwood VA Medical Center, located in Augusta, Georgia ("Augusta VA").

2. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq* (the "Act").

3. Mr. Ray was born on February 17, 1948, is a resident of Asheville, North Carolina, and, at all material times, was a patient of the Augusta VA.

4. Defendant United States of America ("United States") is a political entity acting through its agents and/or employees at Augusta VA. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages for which

this Complaint is made were proximately caused by the negligence, wrongful acts, and/or omissions of its employees and/or agents.

5. Upon information and belief, at all material times, Defendant owned, operated, maintained, or controlled the Augusta VA, located in Augusta, Georgia.

6. Upon information and belief, at all material times, all persons involved in the medical and health care services provided to Mr. Ray at Augusta VA, including but not limited to medical and nursing staff, who were agents, servants, and/or employees of United States as defined at 28 U.S.C. § 2671, and were acting within their course and scope of employment with the United States.

7. Whenever in this Complaint it is alleged that the United States did any act, or failed to do any act, it is meant that the officers, agents, members, managers, or employees of such Defendant performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship.

8. The United States may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on United States Attorney David Estes, Acting United States Attorney for the Southern District of Georgia by certified mail, return receipt requested at:

> U.S. Attorney's Office
> Southern District of Georgia
> ATTN: Civil Process Clerk
> 22 Barnard Street, Suite 300
> Savannah, Georgia 31401

9. Service is also perfected on the United States by serving a copy of the Summons and Complaint on Attorney General Merrick Garland, Attorney General for the United States in

Washington, DC by certified mail, return receipt requested at:

>Attorney General of the United States
>ATTN: Civil Process Clerk
>U.S. Department of Justice
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001

10. At all material times, Defendant charged and was paid for services rendered to Plaintiff.

11. The substantive law of the State of Georgia applies to this lawsuit.

12. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1346, and 28 U.S.C. § 1402. The negligent and wrongful acts or omissions of the Defendant alleged herein were committed in the Southern District of Georgia.

13. Venue in this action is proper in the Augusta Division of the Southern District of Georgia because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the Augusta Division of the Southern District of Georgia.

## ADMINISTRATIVE PROCEDURE

14. On January 27, 2020, Plaintiff, pursuant to 28 U.S.C. § 2675, filed his claim for damages and injuries with the Defendant. A copy of that claim is attached as Exhibit "A". The claim was received by the Defendant on January 31, 2020. A copy of the receipt of claim is attached as Exhibit "B".

15. Plaintiff's claim was denied by way of letter dated December 14, 2020. A copy of the denial of claim is attached as Exhibit "C". Less than six months have passed since the mailing of that the claim and the filing of this lawsuit.

16. Plaintiff has complied with all jurisdictional and administrative prerequisites of the Act and Plaintiff is authorized to proceed with this suit in Federal Court.

## FACTUAL BACKGROUND

17. Mr. Ray is a long-time paraplegic Veteran of the United States Army.

18. On or about November 9, 2018, Mr. Ray drove his personal vehicle to the Augusta VA Medical Center for the purpose of having a routine, elective colonoscopy examination.

19. Upon admission, Mr. Ray did not exhibit any pressure ulcers and was not considered at risk for acquiring pressure ulcers.

20. Staff at the Augusta VA Medical Center owed a duty of care to Mr. Ray to implement appropriate pressure ulcer prevention interventions and to timely and appropriately respond to any pressure ulcer formations or skin breakdowns.

21. Mr. Ray was discharged from the Augusta VA Medical Center on November 15, 2018, and subsequently drove himself home to Asheville, North Carolina. Staff at the Augusta VA Medical Center did not document any pressure ulcers upon his discharge.

22. The next day, on November 16, 2018, Mr. Ray performed a skin check. This was a normal routine for Mr. Ray, who has been a paraplegic since 1991. Mr. Ray was unable to perform his routine skin checks during his stay at the Augusta VA Medical Center.

23. During this self-check, Mr. Ray discovered that he had hospital-acquired pressure ulcers on his buttocks. These pressure ulcers were not present prior to his admission to Augusta VA Medical Center.

24. These pressure ulcers required Mr. Ray to obtain subsequent medical care, including at the Asheville, North Carolina VA Medical Center on November 20, 2018, where hospital staff diagnosed Mr. Ray with stage III decubitus ulcers.

25. Subsequently, at the Asheville VA Medical Center, Mr. Ray's ischial pressure injury further evolved into a stage IV ischial pressure ulcer with MRSA infection, all of which are attributable to the pressure ulcers acquired at the Augusta VA Medical Center.

26. Staff at the Augusta VA Medical Center breached their duty of care to Mr. Ray by allowing him to develop stage 3 hospital-acquired ischial pressure ulcers while he was a patient at the Augusta VA Medical Center.

27. As a result of the Augusta VA Medical Center's negligence, Mr. Ray sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; and he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

## COUNT I – NEGLIGENCE

28. Mr. Ray realleges and reincorporates Paragraphs 1 through 27 as if set forth fully herein.

29. Defendant, individually, and while acting through healthcare providers and the hospital staff employed or utilized by them at Augusta VA, owed a duty to Plaintiff to comply with the standard of care, skill, and diligence exercised by healthcare providers generally under similar conditions and like surrounding circumstances as those presented during Plaintiff's care and treatment at Augusta VA.

30. Defendant, individually, and while acting through the healthcare providers and the hospital staff employed or utilized by them at Augusta VA, were negligent and breached the

applicable standard of care with respect to their assessment, diagnosis, planning, care, treatment, and evaluation of Plaintiff.

31. The professional negligence and breaches of the applicable standard of care by hospital and nursing staff at the Augusta VA Medical Center include, but were not limited to, the following acts and omissions:

   a. The hospital and nursing staff did not use adequate re-positioning techniques with Mr. Ray to appropriately relieve and/or re-distribute pressure.

   b. The hospital and nursing staff failed to use appropriate dressings to cover Mr. Ray's hospital-acquired pressure ulcer.

   c. The hospital and nursing staff failed to adequately monitor and timely respond to skin degradations on Mr. Ray's body that could have been treated to prevent the formation of the decubitus ulcers.

   d. The hospital and nursing staff failed to provide appropriate wound care to the pressure ulcer that formed on Mr. Ray's body.

32. To the extent an affidavit is required, Plaintiff has attached as Exhibit "D" the Affidavit of Joyce Black, PhD, RN, CWCN, FAAN, who is qualified as an expert on the issues raised in this Complaint. This affidavit specifies negligent acts or omissions by the Defendant. The attached affidavit is not inclusive of each act, error or omission that has been committed, or may have been committed, by the Defendant, and Plaintiff reserves the right to contend and prove additional acts, errors and omissions that reflect a departure from the requisite standard of care.

33. As a direct and proximate result of Defendant's negligence, Mr. Ray sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses

and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

34. The acts and/or omissions set forth would constitute a claim under the law of the State of Georgia.

35. Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## COUNT II – VICARIOUS LIABILITY

36. Mr. Ray realleges and reincorporates Paragraphs 1 through 35 as if set forth fully herein.

37. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

38. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff acted within their respective capacities and scopes of employment for the Defendant.

39. The directors, officers, operators, administrators, employees, agents, and staff negligently and/or recklessly, directly, and proximately caused personal injury to Mr. Ray, including both acts of omission and acts of commission.

40. As a direct and proximate result of Defendant's negligence, Mr. Ray sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain,

suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

41. The acts and/or omissions set forth would constitute a claim under the law of the State of Georgia.

42. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Fredrick Loftin Ray, does hereby pray that judgment be interested in his favor and against the Defendant as follows:

1) Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $5,000,000.00; and,

2) Costs incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Submitted 7th day of June, 2021.

                                    Respectfully submitted,

                                    */s/ David B. Bell*
                                    David B. Bell

David B. Bell, P.C.
619 Greene Street
Augusta, Georgia 30901
706-724-1882 [office]
davidbell@davidbelllawfirm.com
*Counsel for Plaintiff*

and

J. Nixon Daniel, III
David L. McGee
Matthew P. Massey
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
850-432-2451 [Main]
jnd@beggslane.com
dlm@beggslane.com
mpm@beggslane.com
*Counsel for Plaintiff*
*[Pro Hac Vice Pending]*